## COMANCHE MERCANTILE CO v. McCALL CO.

No. 5474.   Opinion Filed December 7, 1915.

(153 Pac. 675.)

EVIDENCE—Documentary Evidence—Letter—Proof of Genuineness. A letter not in response to a letter previously sent to the alleged writer is not admissible in evidence until its authenticity has been established either by proof of the handwriting or by other proof establishing its genuineness. The mere fact that it purports to have been written by him is not sufficient.

(Syllabus by Rummons, C.)

*Error from County Court, Stephens County;*
*J. W. Marshall, Judge.*

Action by the McCall Company, a corporation, against the Comanche Mercantile Company, a corporation. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Defendant in error commenced this action before a justice of the peace of Stephens county to recover from plaintiff in error the sum of $92.89 for goods sold and delivered, and the sum ·of $67.93 for damages for breach of contract. From the judgment of the justice of the peace an appeal was taken to the county court of Stephens county, where the case was tried *de novo*. At the conclusion of the testimony of the defendant in error plaintiff in error demurred to the evidence, which demurrer being overruled by the trial court, plaintiff in error rested; and thereupon the court instructed the jury 'to return a verdict in favor of defendant in error for the amount sued for. In due time plaintiff in error moved for a new trial, which being denied, judgment was entered upon the verdict, to reverse which plaintiff in error brings this appeal.

*H. B. Lockett,* for plaintiff in error.

*J. P. Speer,* for defendant in error.

Opinion by RUMMONS, C. (after stating the facts as above). We need only consider two assignments of error in determining this case: First, the court admitted incompetent evidence; and, second, the court peremptorily instructed the jury to find for the defendant in error for· the total sum sued for. Both of these assignments may be considered together.

Defendant in error sued upon a contract between plaintiff in error and defendant in error entered into May 5, 1909, and running for a term of three years, by the

terms of which plaintiff in error was to take from defendant in error certain patterns and fashion sheets and other fashion publications, in quantities, as described in the contract, to be delivered monthly, and sought to recover from plaintiff in error the amount due it for goods sold and delivered to plaintiff in error, and also sought to recover from plaintiff in error for damages by reason of a breach of the contract by plaintiff in error before the expiration thereof, such damages consisting of the loss of profits of defendant in error upon the patterns and fashion sheets and publications which should have been accepted by plaintiff in error during the unexpired term of said contract. The only evidence in the record offered by defendant in error to show a breach of the contract before the expiration thereof by plaintiff in error consists of a letter, which is as follows:

"THE MCCALL COMPANY, NEW YORK, N. Y.—Gentlemen: The condition of our account with you and the general condition of business in this part of the country renders it necessary that you suspend shipment of any further patterns or supplies of any kind whatever until further notice. What patterns are needed to take care of our trade can be ordered by mail. The patterns that you have been sending for some time are merely being stacked up in the case and it canot be of any value to you or us either to increase the amount, so we desire you not to make any further shipments until we notify you.

"Yours truly,

"COMANCHE MERCANTILE COMPANY.

"HBL. CJM."

This letter was offered in evidence over the objection of plaintiff in error as a part of the deposition of a witness for defendant in error. It is not identified as having been written by plaintiff in error or by its authority in any manner, except that it is upon the stationery of plaintiff

in error, and refers to the dealings between plaintiff in error and defendant in error.

The record does not disclose any other breach of the contract than the renunciation of it claimed to be shown by this letter. It does not appear that defendant in error, after the receipt of this letter, tendered the delivery of any further goods to the plaintiff in error, or had any further correspondence with it with reference to this contract. We do not think the identification of this letter was sufficient to authorize the trial court to admit it in evidence. There is not a scintilla of evidence tending to show that this letter was written by any one having authority to represent plaintiff in error in the matter, and there was no attempt in any way to connect the letter with plaintiff in error.

The rule is well established that, to render a letter not in response to a letter previously sent to the alleged writer admissible in evidence, its authenticity must be established either by proof of the handwriting or by other proof establishing its genuineness. The mere fact that it purports to have been written by him is not sufficient. 17 Cyc. 409, and authorities there cited.

We think the admission in evidence of this letter was reversible error. And, as this letter was the only evidence of the breach of the contract, the court also erred in directing a verdict for defendant in error for the sum of $67.93 as damages for the breach of the contract, since there was no competent evidence to warrant such an instruction or to sustain a verdict for such damages.

The cause should therefore be reversed and remanded for a new trial.

By the Court: It is so ordered.