## GLOBE AUTOMATIC SPRINKLER CO. v. BRANIFF.

No. 10961—Opinion Filed March 27, 1923.

(Syllabus.)

1. **Evidence—Secondary Evidence—Written Instrument—Authenticity.**

The genuineness of a written instrument and its execution may be proven by indirect or circumstantial evidence.

2. **Same—Evidence Sufficient to Establish Genuineness of Letter.**

Where the evidence reasonably tends to show that a letter was received by the sendee in due course of mail, written on the stationery of the defendant corporation, and the contents of such letter related to a business proposition, which the sendee of the letter had made to an authorized agent of the defendant company, that said agent had agreed to submit the proposition to the defendant company at its home office, and that the letter had been lost or destroyed inadvertently, held, that the testimony as to the contents of such letter was admissible, although the sendee of the letter was unable to state what particular officer of the defendant company appeared to have signed the letter. The genuineness of the letter was a question for the jury.

3. **Same—Judgment for Commission—Affirmance.**

Record examined, and held, that the judgment of the trial court be affirmed.

Error from District Court, Oklahoma County; Edward D. Oldfield, Judge.

Action by T. E. Braniff, doing business as the T. E. Braniff Company, against the Automatic Sprinkler Company, a corporation, to recover $592.41 commission for assisting the defendant in the sale of automatic sprinkler equipment. Judgment for plaintiff. Defendant brings error. Affirmed.

Morse, Willingham & Tyson, for plaintiff in error.

Ross & Thurman, for defendant in error.

KENNAMER, J. T. E. Braniff, doing business as the T. E. Braniff Company, plaintiff, instituted this action in the district court of Oklahoma county against the Globe Automatic Sprinkler Company, a corporation, defendant, to recover a commission of $592.41 for assisting the defendant in securing a contract for the installation of a sprinkler in the building of the McClelland-Gentry Motor Company of Oklahoma City. The case was tried to a jury on April 21, 1919, resulting in a verdict for the plaintiff in the amount sued for. Judgment was entered on the verdict of the jury, and motion for new trial filed and overruled. Defendant prosecutes this appeal to reverse the judgment.

One question is presented for our determination by the assignments of error. Counsel for the defendant contends that the trial court committed reversible error in refusing to exclude the testimony of the plaintiff, T. E. Braniff, as to the contents of a letter, which he stated in his testimony that he received from the defendant and subsequently lost.

Upon the careful examination of the testimony of the plaintiff, Braniff, we are unable to agree with the contention of the counsel for the defendant. The testimony of the plaintiff in substance discloses that he had a conversation with H. A. Leche, who was a traveling salesman for the defendant engaged in selling automatic sprinklers for said company, and assisted Leche in securing contracts for the installation of the defendant company's sprinkler equipment. That he had depended upon the insurance business, in insuring the sprinklers installed, for his compensation. That after some service rendered to Mr. Leche the plaintiff testified he told Mr. Leche there was considerable work and lots of time involved in initiating and looking after these contracts for sprinkler equipment; that the competition of the sprinkler insurance business was so keen that he could not depend upon the insurance for his compensation for his services rendered in securing contracts for the installation of the equipment, and that if he rendered further service in working up the deals he would have to be compensated out of the sprinkler contract. That Mr. Leche, replying to these statements, assured him that the company desired his services, and would, unquestionably, agree upon paying him a commission of ten per cent. of the contract price, and that he would take it up with the company and have the company write to Mr. Braniff about the matter. That the plaintiff, Braniff, subsequently received a letter from the Globe Automatic Sprinkler Company, in which letter it was stated that the company was willing to pay him the commission of ten per cent. of the contract price of all sprinkler equipment installed under contracts which he assisted the company in procuring. That there had been some changes in his office in which his letter files became badly confused and quite a lot of matter destroyed. That the letter, on which he based his cause of action in his pleadings and his evidence, was lost, and after a careful search of his files, where such letter would be ordinarily kept in the usual course of business, he was unable to find the same for the reason it had been mislaid or destroyed.

The testimony of Mr. Leche, as to the conversation between him and the plaintiff, corroborated the testimony of the plaintiff.

The evidence further discloses that the plaintiff wrote a letter on December 9, 1915, to Mr. Leche, then at Dallas, subsequent to the conversation with him, calling to his attention the fact that he desired to make proper arrangements with the defendant company on a commission basis for contracts secured with his assistance. Mr. Leche answered this letter, in which he stated he expected the vice president and manager of the company to visit him in Dallas within a short time and that on his visit he would probably stop off at Oklahoma City and take up the proposition with the plaintiff.

The objection which counsel for the defendant urged to the introduction of the plaintiff's evidence was that the contents of a lost instrument may not be introduced until the lost instrument has been identified and that such instrument was actually executed by the person sought to be charged; citing Hallam v. Bailey, 66 Okla. 46, 166 Pac. 874. We have no fault to find with the fundmental rules of evidence as contended for by counsel for the defendant.

It appears that counsel for the defendant assume that there is absolutely no testimony in the record justifying the inference that the letter testified about by the plaintiff was ever signed by any official of the defendant company with authority to make a contract. This contention is untenable. Considering the conversation between the agent of the defendant company and the plaintiff, the correspondence between them, and all of the circumstances surrounding the transaction, we are clearly of the opinion that the evidence was sufficient to justify the introduction of the plaintiff's testimony as to the contents of the letter. It is admitted that the agent of the defendant company was to submit the proposition of the plaintiff to the defendant company, and there is evidence in the record justifying the inference that he did submit the proposition. The testimony of the plaintiff is to the effect that he received a letter written on the stationery of the defendant company bearing the signature of the defendant company. But it seems to be the contention of counsel for the defendant that because the plaintiff was unable to state by what particular officer, if any, the letter was signed, the trial court committed error in admitting the testimony of the plaintiff. It is sufficient answer to this contention to say, in view of all of the other circumstances, the fact that the letter came through

the mail in due course, written on the stationery of the defendant company and subsequent to the statement and the letter of the agent of the defendant that he would take up the proposition of the plaintiff with the defendant, that the contents of the letter were properly admissible in evidence.

The rule has been announced by this court that before oral testimony is admissible as to the contents of lost written instruments, which, with reasonable diligence, cannot be produced, it is a necessary prerequisite to the admission of such testimony to establish the execution and delivery of such instruments by the person or persons sought to be bound thereby. Hallam v. Bailey, supra; Comanche Merc. Co. v. McCall, 52 Okla. 782, 153 Pac. 675. It was held in the last cited case:

"A letter not in response to a letter previously sent to the alleged writer is not admissible in evidence until its authenticity has been established either by proof of the handwriting or by other proof establishing its genuiness. The mere fact that it purports to have been written by him is not sufficient."

But, in establishing the execution of an instrument or the genuineness of a letter, such fact may be proven by direct, indirect, or circumstantial evidence, as any other fact. and it is not unusual that such a fact may in many instances be established only by circumstantial evidence. International Harvester Company of America v. Campbell, 43 Tex. Civ. App. 421, 96 S. W. 93; Singleton v. Bremar, Harp. (S. C.) 201; Maynard v. Bailey (W. Va.) 102 S. E. 480; Ashlock v. Com., 108 Va. 877, 61 S. E. 752.

In the case of Walls v. Atlanta Newspaper Union, 141 Ga. 594, 81 S. E. 866, a letter written in the name of the Trade Partnership, which related to the subject of the action and was received by the sendee by due course of mail, was admitted in evidence. The letter in the instant case, according to the testimony, was received by the plaintiff by due course of mail and the contents thereof related to the transaction which the plaintiff had been discussing with the authorized agent of the defendant. The contents of the letter related to facts peculiarly within the knowledge of the defendant's agents and employes, and for the letter to have been written by any person other than the defendant would have been a most unusual and extraordinary thing to happen.

We are clearly of the opinion that the trial court committed no reversible error in admitting the contents of the letter in evidence and the evidence reasonably tending to support the verdict of the jury, the judgment entered thereon is in all respects affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.