Frank BLACK, Appellee,

v.

Stanley R. LITTLETON, Appellant.

No. 47265.

Court of Appeals of Oklahoma, Division No. 1.

Jan. 14, 1975.

Released for Publication by Order of the Court of Appeals Feb. 6, 1975.

Charles E. Malson, Oklahoma City, for appellee.

James B. Blevins, Oklahoma City, for appellant.

REYNOLDS, Judge:

Plaintif, pro se, recovered judgment for damages in District Court, Small Claims Division, and defendant appeals.

The plaintiff's wife, Gloria J. Black, purchased a 1968 Buick from defendant Stanley R. Littleton Chrysler-Plymouth Company. The defendant's sales manager took a joint-credit application, and sent Frank Black and Gloria Black to Credit Thrift Finance Company to procure a loan. The proceeds of the loan went to defend-

ant. The debt was being paid from the joint efforts of plaintiff and wife. Plaintiff advised the manager that the car needed a front-end alignment. The manager agreed to repair any little thing found wrong.

Several days later Mrs. Black delivered the car to defendant for a front-end alignment and told the repairman that the temperature light was not working properly. The car was aligned and a temperature sensor device was installed. Mrs. Black was assured that the sensor device was working properly. The plaintiff was later driving the car when it overheated. The next morning the plaintiff called Stan Littleton's, and advised them of the problem. They flatly refused to work on a Buick motor inasmuch as they were Chrysler people. The plaintiff took the car and had it repaired elsewhere.

The court found for plaintiff in the amount of $252.68, costs of $8.00, and all costs thereafter accruing. The defendant appealed to the Supreme Court, alleging: (1) error of trial court in overruling motion by plaintiff's attorney to dismiss the cause for the reason defendant was not the real party in interest; and (2) admission of improper and prejudicial hearsay evidence over objection of counsel.

■ It appears the intended purpose of the Small Claims Act was to establish an informal court, void of rigid restrictions with little or no regard to the technicalities pertaining to the rules of evidence, and the assumption by the judge of direct affirmative authority to control all aspects of a hearing with the sole object of dispensing speedy justice between the parties. This intent is evidenced by the fact that actions brought under the Small Claims Act, 12 O.S.1971, § 1751 et seq., may be heard by any judge of the district court; the judgment is a judgment of the district court and appeals are taken directly to the Supreme Court.

However, the pleading and procedure are simplified and the costs are lower than for regular civil. The total of all plaintiff's claims cannot exceed $400.00. The Act does not prohibit the appearance of attorneys, but the simplified procedure should make them unnecessary. The clerk may help the plaintiff draft his pleadings, 12 O.S.1971, § 1754, and service is by mail, unless the defendant cannot be served by mail, supra, § 1755. The court cost is lower than in regular civil proceedings, supra, § 1764. This intent is further evidenced by 12 O.S.Supp.1974, § 1757, which reads:

"On motion of the defendant the action shall be transferred from the small claims docket to another docket of the court, provided said motion is filed and notice given to opposing party at least forty-eight (48) hours prior to the time fixed in the order for defendant to appear or answer and, provided further, that the defendant deposit the sum of Twenty-five Dollars ($25.00) as the court cost, and thereafter the procedure prescribed by Title 28 of the Oklahoma Statutes, §§ 151 to 161, shall prevail as to other costs, the action shall proceed as other civil actions and shall not proceed under the small claims procedure. The clerk shall enclose a copy of the order transferring the action from the small claims docket to another docket in an envelope addressed to the plaintiff, with postage prepaid."

■ A method is provided for a defendant to invoke formal civil procedure. Therefore, this court must conclude that the judge in a small claims action has enormous discretionary power to render fair, impartial and speedy justice.

■ This court cannot agree with defendant's contention that Mr. Black was not the real party in interest to bring this action. Mr. Black filled out the credit application, signed the note, and was making payment from the joint efforts of husband and wife. We believe he would be a proper party as provided for under 12A O.S. 1971, § 2–318, as follows:

"Third Party Beneficiaries of Warranties Express or Implied.

"A seller's warranty whether expressed or implied extends to any natural person who is in the family or household of his buyer . . .. if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

12 O.S.1971, § 78 reads,

"Immaterial errors to be disregarded.

"The court, in every stage of action, must disregard any error or defects in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

In a small claims action this statute, and the case of Maras v. Smith, Okl., 420 P.2d 483, should particularly apply. Syllabus No. 4 reads,

"A presumption exists, on appeal in a non-jury case, that the trial court disregarded all incompetent evidence offered at the trial in rendering judgment, unless the contrary is clearly made to appear on appeal."

Considering the latitude of discretionary power of the judge in a small claims action, and the narrative statement of trial as settled by the trial court, we find no basis for reversal.

Affirmed.

ROMANG, P. J., and BOX, J., concur.