**Charles Ray NEW, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–86–712.

Court of Criminal Appeals of Oklahoma.

Aug. 22, 1988.

Rick Ault, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Charles Ray New, appellant, was tried by jury and convicted of Robbery with Firearms (21 O.S.Supp.1982, § 801), After Former Conviction of Two or More Felonies (21 O.S.Supp. 1985, § 51(B)), in Case No. CRF–85–6008, in the District Court of Oklahoma County, the Honorable Raymond Naifeh, District Judge, presiding. The jury set punishment at imprisonment for one-hundred (100) years. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

At 11:00 p.m. on November 23, 1985, appellant entered the La Quinta Motor Inn in Del City, Oklahoma, pulled a pistol and robbed the night clerk and the night auditor of $225. After appellant fled, the clerk found a pink refund slip bearing appellant's name from a Venture store on the lobby floor. Based upon the cash refund slip and the description of the robber given by the two victims, the police prepared a photographic lineup. Both victims picked appellant's photograph from the lineup.

The following day, the Village police stopped a car for a separate offense. Appellant sat in the front passenger seat. The Village police arrested appellant and, in an inventory search of the vehicle after it was impounded, found a pistol in the rear floorboard behind the driver's seat. The State introduced the pistol at trial, and both victims identified it as the same size, shape and color as the weapon used by appellant to rob them. Both victims made an in-court identification of appellant as the robber.

Appellant called three witnesses, two of whom testified as to appellant's physical appearance. The third witness, appellant's son, testified appellant was with him at home at the time of the robbery.

For his first assignment of error, appellant asserts the trial court erred by admitting into evidence the photographic lineup and the receipt found on the lobby floor.

■ The photographic lineup introduced into evidence consisted of a sealed manila folder in which six holes had been cut. Photographs of black men are visible through the holes in the folder. None of the photographs appear, on their face, to be mug shots. Therefore, our recent decision establishing a balancing test for admissibility of mug shots into evidence to establish identity does not apply. *See Ingram v. State*, 755 P.2d 120 (Okla.Crim. App.1988).

■ Appellant argues the probative value of the photographs is substantially outweighed by the danger of unfair prejudice so as to require exclusion of the evidence under 12 O.S.1981, § 2403. Appellant failed to make this argument at trial, where he urged that the State failed to lay a proper foundation for admission of the photographs. Appellant has, therefore, waived on appeal his argument under Section 2403. *See Fitchen v. State*, 738 P.2d 177, 180 (Okla.Crim.App.1987). The admission of demonstrative evidence is within the sound discretion of the trial court, whose ruling will not be disturbed on appeal absent an abuse of discretion. *Owens v. State*, 747 P.2d 959, 960–61 (Okla.Crim. App.1987). We find no abuse of discretion.

■ Appellant next argues the trial court erred in admitting the Venture refund receipt found on the lobby floor shortly after the robbery. He claims it was not properly authenticated, and that it was hearsay. At trial, defense counsel objected on the ground that the State failed to lay a proper foundation. Although we find the objection sufficiently specific to preserve the authentication issue for appellate review under 12 O.S.1981, § 2104(A)(1), in the absence of plain error under 12 O.S.1981, § 2104(D), we will not address a hearsay objection raised for the first time on appeal. *See Patterson v. State*, 735 P.2d 338, 341 (Okla.Crim.App.1987). Plain error is not present here, because the receipt was admitted as physical evidence linking appellant to the robbery and not to prove the truth of the matter asserted in the doc-

ument, i.e., that appellant received a cash refund from Venture. *See* 12 O.S.1981, § 2801(3); *Lee v. State,* 700 P.2d 1017, 1020 (Okla.Crim.App.1985).

The requirement of authentication is initially a preliminary question for the trial judge as a matter of conditional relevance under 12 O.S.1981, § 2105(B), and "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims it to be." 12 O.S.1981, § 2901(A). *See* 1 L. Whinery, *Guide to the Oklahoma Evidence Code* 318–19 (1985). "[T]he purported signature or recital of authorship on the face of a writing will *not* be accepted as sufficient preliminary proof of authenticity to secure the admission of the writing into evidence." *McCormick on Evidence* 686 (E. Cleary 3d ed. 1984) (emphasis in original) (footnote omitted). Thus, unless a writing is self-authenticating under 12 O.S.1981, § 2902, the proponent must provide some proof of its genuineness other than the writing itself before it is admissible. *See United States v. Sutton,* 426 F.2d 1202, 1207 (D.C.Cir.1969); 7 J. Wigmore, *Evidence* 710, 746 (Chadbourn rev.1978). "Authorship of writings may be shown by circumstantial evidence, among the components of which the contents of the writing may play a significant role. Circumstances beyond the four corners of a document may point with sufficient certitude to the person whose pen created it." *Sutton,* at 1207 (footnotes omitted). "Only in special circumstances, where the contents reveal a *knowledge* or other trait peculiarly referable to a single person, can the contents alone suffice." J. Wigmore, *supra,* at 746 (footnote omitted) (emphasis in original). Authentication may be established by direct or circumstantial evidence. *Hightower v. State,* 672 P.2d 671, 676 (Okla.Crim.App.1983). Authentication may be satisfied, for example, by the "[a]ppearance, content, substance, internal patterns or other distinctive characteristics taken in conjunction with circumstances." 12 O.S. 1981, § 2901(B)(4).

Here, the Venture refund receipt appears on its face as a preprinted "REFUND AUTHORIZATION" form with the name, address, and telephone number of "CHARLES NEW" printed in boxes, below which the purported signature of "CHARLES RAY NEW" appears. The receipt "NO. 6148220" is imprinted with cash register markings including "THANK YOU FOR SHOPPING VENTURE," the date "NOV1785," the "SUBTOTAL," "TAX" and "REFUND" amounts, contains initials beside the line marked "AUTHORIZED BY" and has the word "CUSTOMER" in red ink at the bottom. Testimony at trial indicated that the lobby floor was clean at the time appellant entered the motel, that he was the only person who entered the lobby between the time the floor was cleaned and the robbery occurred, that the clerk discovered the receipt on the floor immediately after the robbery, and that a police officer arrived within ten (10) minutes after the robbery, at which time the officer picked up the Venture receipt from the lobby floor. Several witnesses identified the receipt, State Exhibit 1, as the same receipt picked up by the police officer from the lobby floor immediately following the robbery. On the basis of the foregoing, we hold that the distinctive characteristics of the receipt, taken together with the circumstances surrounding its discovery, were sufficient to comply with the authentication requirement of Section 2901(A) of the Oklahoma Evidence Code. 12 O.S.1981, § 2901(B)(4). *See Hightower,* 672 P.2d 676. This assignment is without merit.

■ For his second assignment of error, appellant asserts the evidence was insufficient to sustain a conviction for robbery with firearms. The test for sufficiency of the evidence is well known: whether, after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State,* 709 P.2d 202, 203–04 (Okla.Crim.App.1985). After reviewing all the evidence presented at trial, we find the evidence sufficient. This assignment of error is meritless.

■ For his final assignment of error, appellant asserts his sentence is excessive.

In the second stage proceeding, appellant stipulated to having four previous felonies, one for grand larceny and three for passing bogus checks. In his supplemental brief, appellant argues the trial court erred by enhancing his punishment under 21 O.S. Supp.1982, § 801. We disagree. The record indicates appellant's sentence was enhanced under 21 O.S.Supp.1985, § 51(B), not under 21 O.S.Supp.1982, § 801, as claimed by appellant. Under 21 O.S.Supp. 1985, § 51(B), our sentence enhancement statute for habitual felons, the mandatory minimum sentence upon conviction of a felony after former conviction of two or more felonies is imprisonment for twenty years. *Williams v. State*, 720 P.2d 341, 343 (Okla. Crim.App.1986). The statute does not provide for a maximum sentence but leaves that determination to the trier of fact. *Mornes v. State*, 755 P.2d 91, 95 (Okla. Crim.App.1988). In reviewing the punishment imposed above the minimum sentence of twenty years imprisonment, we do not have the power to modify the sentence imposed unless we can conscientiously say the sentence is so excessive as to shock the conscience of the Court. *Id.* After reviewing the facts and circumstances of this case, we cannot conscientiously say the sentence imposed shocks the conscience of the Court.

In light of the above, appellant's judgment and sentence should be, and hereby is, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.