Dear Senator Smith,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 May a person, holding a Power of Attorney or Durable Power of Attorney, appear on behalf of his or her principal as a party in small claims court without the assistance of legal counsel?
¶ 1 Pursuant to the Small Claims Procedures Act[1]
("Act") actions may be brought in district court using simplified small claims procedures if they involve $4,500 or less and are for the recovery of money, the return of personal property, interpleader, or forcible entry and detainer. 12 O.S. Supp.2002, § 1751[12-1751](A); 12 O.S. 2001, § 1148.14[12-1148.14]. Such actions are initiated by the plaintiff or plaintiff's attorney by filing an affidavit with the court clerk. 12 O.S. Supp. 2002, § 1753[12-1753] (A). The Court of Civil Appeals has observed:
 It appears the intended purpose of the Small Claims Act was to establish an informal court, void of rigid restrictions with little or no regard to the technicalities pertaining to the rules of evidence, and the assumption by the judge of direct affirmative authority to control all aspects of a hearing with the sole object of dispensing speedy justice between the parties.
Black v. Littleton, 532 P.2d 486, 487 (Okla.Ct.App. 1975).
¶ 2 As to the use of legal counsel in a small claims proceeding, we note the Act clearly recognizes that attorneys may participate, though they are not required. 12 O.S. Supp. 2002, § 1753[12-1753]. The Court of Civil Appeals has commented that the Act "does not prohibit the appearance of attorneys, but the simplified procedure should make them unnecessary." Black,532 P.2d at 487.
¶ 3 For the powers and limitations of a person holding a power of attorney in this State, we look to the Uniform Statutory Form Power of Attorney Act[2] and the Uniform Durable Power of Attorney Act.[3] As to the Uniform Statutory Form Power of Attorney, the statutes provide in part:
 By executing a statutory power of attorney with respect to . . . [claims and litigation] the principal, except as limited or extended by the principal in the power of attorney, empowers the agent, for that subject to:
. . . .
 4. Prosecute, defend, submit to arbitration, settle, and propose or accept a compromise with respect to, a claim existing in favor of or against the principal or intervene in litigation relating to the claim[.]
15 O.S. 2001, § 1005[15-1005].
¶ 4 In a statutory power of attorney, the language with respect to claims and litigation empowers the agent to:
 1. Assert and prosecute before a court or administrative agency a claim, a cause of action, counterclaim, offset, and defend against an individual, a legal entity, or government, including suits to recover property or other thing of value, to recover damages sustained by the principal, to eliminate or modify tax liability, or to seek an injunction, specific performance, or other relief[.]
Id. § 1014 (emphasis added).
¶ 5 As to the Durable Power of Attorney, Oklahoma statutes provide the following definition:
 A durable power of attorney is a power of attorney by which a principal designates another his attorney-in-fact in writing and the writing contains the words "This power of attorney shall not be affected by subsequent disability or incapacity of the principal, or lapse of time," or "This power of attorney shall become effective upon the disability or incapacity of the principal," or similar words showing the intent of the principal that the authority conferred shall be exercisable notwithstanding the principal's subsequent disability or incapacity, and, unless it states a time of termination, notwithstanding the lapse of time since the execution of the instrument.
58 O.S. 2001, § 1072[58-1072].
¶ 6 The Durable Power of Attorney:
B. [M]ay grant complete or limited authority with respect to the principal's:
 1. Person, including, but not limited to, health and medical care decisions and a do-not-resuscitate consent on the principal's behalf, but excluding:
 a. the execution, on behalf of the principal, of a Directive to Physicians, an Advance Directive for Health Care, Living Will, or other document purporting to authorize life —
sustaining treatment decisions, and
 b. the making of life-sustaining treatment decisions unless the power complies with the requirements for a health care proxy under the Oklahoma Rights of the Terminally Ill or Persistently Unconscious Act or the Oklahoma Do-Not-
Resuscitate Act; and
 2. Property, including homestead property, whether real, personal, intangible or mixed.
Id. § 1072.1(B) (footnotes omitted) (emphasis added).
¶ 7 For purposes of this analysis, an agent possessing either the Power of Attorney or Durable Power of Attorney can be sufficiently empowered to completely handle all property issues for the principal. The differences between the two powers relate to the personal needs of an individual principal, particularly the method of executing the grant of power, the continuation of the power notwithstanding disability of the principal, and power over the principal's person.
¶ 8 Pursuant to Article VII, of the Oklahoma Constitution, the Supreme Court of Oklahoma ruled:
 [T]he Judicial Department [is] vested with full and complete authority, independent of the Legislative Department, to control and regulate the practice of law in all its forms, and to prevent the intrusion of unlicensed persons into the practice. . . .
. . . .
 Our decisions definitely spell out the concept of the practice of law: the rendition of services requiring the knowledge and the application of legal principles and technique to serve the interests of another with his consent.
R.J. Edwards, Inc. v. Hert, 504 P.2d 407, 415-16 (Okla. 1972). Using its constitutional authority the court established the Oklahoma Bar Association by promulgating the rules creating and controlling the Oklahoma Bar Association,[4] and by these rules the court determined:
 The Oklahoma Bar Association is an official arm of this Court, when acting for and on behalf of this Court in the performance of its governmental powers and functions.
5 O.S. 2001, ch. 1, app. 1, art. I, § 1.
 Attorneys admitted to practice law in Oklahoma are a part of the judicial system of Oklahoma and officers of its courts.
Id. ch. 1, app. 1, art. I, § 2.
¶ 9 We look to these rules for who may practice law in this State and find that:
 (a) No person, corporation, partnership, or any other entity (hereinafter collectively referred to as "person"), shall practice law in the State of Oklahoma who is not an active member of the [Oklahoma Bar] Association, except as herein provided.
Id. ch. 1, app. 1, art. II, § 7. Moreover:
 The membership of the Association shall consist of those persons who are, and remain, licensed to practice law in this State.
Id. ch. 1, app. 1, art. II, § 1 (emphasis added).
¶ 10 These rules also state the court's policy, as to the use of small claims court by corporations and other legal entities:
 In action filed and tried under the Small Claims Procedure Act (12 O.S. Supp. 1969, Section 1751[12-1751] et seq.)[5] the word "person" and "claimant" as therein used shall include corporations, partnerships, trusts and other legal entities, so that corporations, partnerships, trusts and other legal entities may, by and through a corporate officer or regular full-time employee, execute the statutory affidavits and proceed as any other person or claimant is authorized to proceed under the act.
Id. ch. 1, app. 1, art. II, § 6 (footnote added).
¶ 11 Therefore, a person holding a Power of Attorney or Durable Power of Attorney may be authorized by his or her principal under15 O.S. 2001, § 1005[15-1005] or 58 O.S. 2001, § 1072.1[58-1072.1],
respectively, to appear as a substitute for the principal in small claims court and personally prosecute or defend the principal's case, and if he or she chooses, without the assistance of legal counsel. Further, a holder of a Power of Attorney or Durable Power of Attorney does not become a separate legal entity; rather, he or she holds powers delegated by the principal to an agent who must be a legal person. However, a person may not use a Power of Attorney or Durable Power of Attorney to substitute for a lawyer licensed by the Supreme Court of Oklahoma, when the services of an active member of the Oklahoma Bar Association are required. 5 O.S. 2001, ch. 1, app. 1, art. II, § 7. The determination of when services of a licensed lawyer are required is an issue of fact which cannot be answered in an Attorney General Opinion. 74 O.S.2001, § 18[74-18](b)(A)(5).
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 An individual holding a Power of Attorney or Durable Power of Attorney may be authorized by his or her principal under 15 O.S. 2001, § 1005[15-1005] or 58 O.S. 2001, § 1072.1, respectively, to appear as a substitute for the principal in small claims court and personally prosecute or defend the principal's case, and if he or she chooses, without the assistance of legal counsel. However, a person may not use a Power of Attorney or Durable Power of Attorney to substitute for a lawyer licensed by the Supreme Court of Oklahoma, when the services of an active member of the Oklahoma Bar Association are required. 5 O.S. 2001, ch. 1, app. 1, art. II, § 7.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 JOHN CRITTENDEN Assistant Attorney General
[1] 12 O.S. 2001 Supp. 2002, §§ 1751-1773.
[2] Title 15 O.S. 2001, §§ 1001-1020[15-1001-1020].
[3] Title 58 O.S. 2001, §§ 1071-1077[58-1071-1077].
[4] 5 O.S. 2001, ch. 1, app. 1, pmbl.
[5] Codified as amended at 12 O.S. 2001 Supp. 2002, §§ 1751-1773.