RALPH D. NELSON COMPANY, INC., a California corporation, d/b/a A & R Construction Company, Appellee,

v.

Walter E. BEIL, Trustee for the Beil Family Trust, et al., Appellants.

No. 56813.

Court of Appeals of Oklahoma, Division No. 4.

Sept. 20, 1983.

Released for Publication by Order of the Court of Appeals Oct. 21, 1983.

B.J. Brockett, Oklahoma City, for appellee.

Odie A. Nance and James M. Little, Ungerman, Conner & Little, Oklahoma City, for appellant Walter E. Beil, Trustee for the Beil Family Trust.

BRIGHTMIRE, Presiding Judge.

Plaintiff, Ralph D. Nelson Co., Inc., d/b/a A & R Construction Co., brought this action to recover a balance it claims to be due under a construction contract it had with defendant Walter Beil, Trustee, for the construction of a Hobo Joe's Restaurant in Oklahoma City and to foreclose its mechanic's lien.[1] The owner set up certain defenses and cross-petitioned for offsetting damages.[2]

1. Several subcontractors who had filed mechanic's liens on the property were also joined as party defendants.

2. Beil was building the structure pursuant to an agreement with Colony Foods, giving the latter a right to specify the architectural details of the

The dispute was tried to the court who entered a judgment which defendant Beil contends is partly in error because it failed to grant him all of the offsetting damages he is entitled to under the evidence. We agree and modify the judgment.

I

About the only finding the parties agree on is that the contract price of the building totaled $258,785.54 and that all of this amount had been paid except $47,136.45. When Nelson failed to receive the last progress payment, it stopped work, filed a lien and later this action.

The issues presented for review center around the following items:

(a) What is the reasonable cost of completing the contract work?

(b) Is Beil entitled to an offsetting credit of $2,000 for expenses incurred as a result of Nelson's breach of contract?

(c) Is Beil entitled to an offsetting credit of $8,900.93 for lost rent due to inexcusable completion delay?

(d) Does plaintiff owe Beil $16,647.62 for damages arising from Nelson's failure to obtain a letter of credit as agreed?

II

■ First, with regard to the cost of completing the work, the trial court chose a preperformance architect's estimate figure instead of one of the postperformance figures. Before the work was done, the architect estimated the cost of completion to be $4,490. By the time of trial the work had been done under the direction of Colony Foods.[3] Its construction coordinator, the lender, Liberty Bank, had estimated the cost to be around $10,000. Beil testified it actually cost him about $13,000 to satisfy the purchase list requirements of Colony Foods. This cost included the hiring of

building and to lease it at a stipulated monthly rental upon completion.

3. See footnote 2 for the identity of Colony Foods.

subcontractors, his own labor and the purchase of materials.

Obviously, once the work was completed its actual cost became the focal point of inquiry and the prework estimates lost probative value. There was no objection to Beil's testimony as to what it cost him to complete the job. There was no cross-examination concerning the figure. There was no rebuttal evidence offered that Beil's figure was not correct, or that it was unreasonable, or that the work performed was unnecessary. However, in his reply brief Beil, presumably in a spirit of compromise asked for only $10,000. This figure, we agree, is reasonable and indeed less than that warranted by the evidence.

### III

■ Second, was Beil entitled to an offset credit of $2,000 for expenses incurred as a result of Nelson's refusal to complete the job? The trial court did not make a finding in the journal entry as to whether Nelson breached the contract when it stopped work, nor did the court otherwise determine whether Beil was entitled to the requested $2,000. In his oral pronouncement of judgment he said it was "pretty clear to the court that the parties by their actions both breached the contract on various times; and by mutual assent [sic] and agreement disregarded portions of it .... One of the things that happened in addition to [plaintiff] getting a late start on the building ... [was] that the defendant was making late payments." The court further found in this regard "that the lien releases and the pay out checks were not submitted [by Nelson] as they were supposed to be," and this, according to defendant, was the reason for the delayed payments.

More importantly, with regard to the last progress payment, the trial judge said it was undisputed that the final punch list of items was never taken care of by the contractor. "He never finished as he should have," found the judge.

Thus the court, as we see it, found that Nelson had no legal excuse for not completing its contract. Such breach of the contract justified Beil in (1) withholding the final progress payment, and (2) doing whatever was necessary to complete the project.

The $2,000 detriment requested consisted of a series of long-distance telephone calls and travel expenses between Oklahoma City and Beil's home in California relating to the completion. Evidence to support the travel expenses, however, was inadequate. The witness did not seem to have any recollection about the travel expenses. The most that can be found for expenses under the evidence is $600 for long-distance telephone calls.

We hold defendant can recover only $600 in expenses.

### IV

■ The third item—rent lost ($3,560.37 a month) due to completion delay—should have also been allowed. Instead, the trial court awarded Beil "10% interest on postponed rent for three and one-half ... months which totals $244.00 ...." The trial court found there was a delay of five and one-half months, two of which were excusably due to weather. This left an unjustified delay of "three and one-half months."[4]

We think the trial judge's rent postponement concept is a somewhat unrealistic appraisal of Beil's detriment. Under his contract with Colony, Beil was to start receiving rent at the rate of $3,560.37 a month as soon as the building was completed to the point of being suitable for occupancy by Colony. The trial court's view was this: "Rather than adopt the theory that rent was lost, rent was only postponed. The lease is for a very definite time. You [Beil] are still going to get the same amount of rent if you prolong the first payment by a few months." In other words since Beil had a 25 year lease which was to commence

---

4. The parties agree and the record confirms that the correct figure was two and one-half months rather than three and one-half months.

on the day Colony was able to move in, he would not actually lose the rent but its receipt would be postponed for 25 years.

There are at least two fallacies inherent in the trial court's reasoning as we see it. First, assuming the postponement theory is valid, interest should be given not for two and one-half months but for 25 years. Second, the theory is not valid because Beil cannot recoup the two and one-half months rent at the end of the lease nor at any time thereafter. Why? Because, (a) Beil's entitlement to rent does not end with the lease, but continues as long as he owns the building; or (b) he may not live or keep the property for 25 years. The fact is, therefore, that Beil is entitled to the two and one-half months rent now and not 25 years from now. To suggest otherwise is akin to arguing that burial expenses should not be recovered in a wrongful death suit because the victim, being mortal, has to die sooner or later anyway, requiring burial!

We hold Beil's detriment for two and one-half months completion delay is two and one-half months rent or $8,900.93.

## V

Fourth, is Beil entitled to damages resulting from Nelson's failure to obtain an acceptable irrevocable letter of credit as he contracted to do? The facts underlying this complaint are these. The contract required Nelson to furnish either a bond or an irrevocable letter of credit in the amount of $50,850. Nelson officials said they would rather give the letter of credit. This was also agreeable with the interim financing institution which required such assurance and which had agreed to finance at an interest rate of 10 percent. Nelson at one point sent a letter of credit to the financing bank. The bank, however, found it to be unsatisfactory and sent its own form to Nelson. Nelson never signed it so Beil was unable to obtain the 10 percent financing and eventually had to pay 13.75 at another lending institution. The higher interest rate increased the cost of the interim financing $16,647.62—detriment Beil says he suffered because of Nelson's breach of contract.

We are of the opinion this claim of Beil is also valid. The implication of the contractual letter of credit provision is that the contractor will furnish one satisfactory to the one requiring it. Of course, approval by the recipient of the letter must not be withheld unreasonably. Here, it is admitted that the letter of credit tendered by Nelson was disapproved by the interim financing institution. The basis for this action is not clear, but there is no evidence that it was unreasonable. Since Nelson refused to furnish a letter of credit satisfactory to Beil's bank, it is liable for the consequent detriment. We hold Beil is entitled to an offset credit of $16,647.62 for this breach.

## VI

The judgment appealed is modified in the following particulars:

1. In numerical paragraph one on page four of the journal entry of judgment the figure $40,302.45 is stricken and in lieu thereof we insert the figure $8,887.99 so that the paragraph reads as follows:

"1. That Plaintiff, Ralph D. Nelson Co., Inc., a corporation, d/b/a A & R Construction Co., have and recover judgment against the Defendant, Walter E. Beil, Trustee for the Beil Family Trust, for the sum of $8,887.99, with interest thereon at 6% per annum from January 26, 1979, until February 24, 1981, and thereafter at 12% per annum until paid."

2. Subparagraph B on page six of the journal entry is vacated and replaced by the following:

"B. In payment to said Plaintiff in the sum of $8,887.99, together with interest thereon at 6% per annum from January 26, 1979, until February 24, 1981, and thereafter at 12% per annum until paid, but for the benefit of the respective aforenamed Defendants to the extent of their respective judgments and accrued interest, and attor-

ney fees due on liens of aforenamed Defendants in the sum of $4,055.26."

The judgment in all other respects is affirmed.

Affirmed as modified.

DeMIER and STUBBLEFIELD, JJ., concur.