Michael L. **BILLS**, Petitioner,

v.

**GAIL ARMSTRONG CONSTRUCTION, INC., and the Workers' Compensation Court, Respondents.**

No. 88685.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 15, 1997.

---

Frank Stout, Ada, for Petitioner.

David P. Helbert, Oklahoma City, for Respondents.

## MEMORANDUM OPINION

CARL B. JONES, Presiding Judge:

¶1 Appellant (Claimant) seeks review of a Workers' Compensation Court Order denying his claim for temporary total disability benefits from the date of the accident and continuing. The case was tried on temporary total disability only. The trial court found Claimant's medical evidence to be "not competent to support an award of temporary total disability" and denied the claim for that reason. There was no intra-court appeal to the Court *En Banc*. This review proceeding comes directly from the trial court.

¶2 Claimant injured his back on August 14, 1996, while lifting an I-beam at work. He went to see Dr. P, a chiropractor, a week later on August 21, 1996. Dr. P found that Claimant was temporarily totally disabled and had been since the accident a week

earlier. Claimant returned to see Dr. P on November 22, 1996. His report of that date states that Claimant had responded well to his treatment but that he was still symptomatic. Dr. P stated his opinion "... that we have reached Maximum Medical Improvement on Mr. Bills and feel that a second opinion is necessary." Employer's medical evidence consisted of a medical report from another doctor who evaluated Claimant on October 17, 1996. Among other things, Employer's doctor stated his opinion that "This person's period of temporary total disability has ended and he may return to employment." There were no pretrial objections to these medical reports, thus no depositions were taken. At trial, Claimant's attorney offered Dr. P's reports into evidence. They were admitted without objection.

¶3 The trial court did not give a reason why it believed Claimant's medical evidence to be incompetent. At the trial court level a finding that a medical report is incompetent is a determination that it is inadmissible on hearsay or other legal grounds. *Whitener v. South Central Solid Waste Authority*, 773 P.2d 1248, 1249 note 1 (Okla. 1989); *Lacy v. Schlumberger Well Service*, 839 P.2d 157, 159 (Okla.1992); *Special Indemnity Fund v. Choate*, 1993 OK 15, 847 P.2d 796, 806. Ironically, the medical reports were not objected to and, in fact, were admitted into evidence. Following trial, the court *sua sponte*, and without notice to the parties, found the medical reports inadmissible and dismissed the claims on that ground. This action is contrary to law and an abuse of the trial court's discretion.

¶4 Rule 23(D), Workers' Compensation Court Rules, 85 O.S.Supp.1995 Ch. 4, App. states, "Unless an objection is timely made, it shall be waived. Any legally inadmissible evidence that stands admitted without objection shall be regarded as admitted as part of the proof in the case." Rule 23(E) states, "When a timely made objection to offered evidence is sustained, the offering party shall be given the opportunity to elect whether to stand on the evidence offered or be given a chance to cure the defect unless the Court finds the defect resulted from bad faith or for the purpose of delay."

¶ 5 The intent of these rules is clear that the party offering defective evidence will be given the opportunity to cure the defect or that evidence *shall* be treated as competent and admissible. These rules would ordinarily apply to parties who fail to object then attempt to raise the evidentiary defect on appeal. Such failure to object, and more importantly, the *admission* of the evidence at trial should likewise bind the court to the admissibility of that evidence unless an opportunity is given to cure the defect. That, of course, would not tie the trial court's hands from ruling on the probative value or credibility of that evidence.

¶ 6 The trial court erred in dismissing the temporary total disability claim on the ground that Claimant's medical evidence was incompetent after that evidence was admitted without objection. The order appealed from is accordingly reversed and this cause remanded for further consideration of the temporary total disability claim.

¶ 7 REVERSED AND REMANDED.

ADAMS, C.J., and GARRETT, J., concur.