2007 OK CIV APP 44

**Geoffrey KEELER and Jackie Keeler, Plaintiffs/Appellees,**

v.

**MIKE FRETZ HOMES, Defendant/Appellant.**

**No. 103,097.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 1, 2007.

R. Charles Wilkin III, Brian L. Mitchel, Glass Law Firm P.C., Tulsa, OK, for Plaintiffs/Appellees,

Lawrence D. Taylor, Tulsa, OK, for Defendant/Appellant.

KENNETH L. BUETTNER, Judge.

¶1 Defendant/Appellant Mike Fretz Homes (Builder) contends that the Small Claims Division of the District Court erred when it denied its Motion for New Trial.[1]

---

1. Defendant/Appellant based its Motion for New Trial on 12 O.S.2001 § 651: A new trial is a reexamination in the same court, of an issue of fact or of law or both, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. The former verdict, report, or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of the party:

Over Builder's hearsay objection, the trial court admitted two estimates for clean-up expenses offered by Plaintiffs/Appellees Geoffrey and Jackie Keeler. The Keelers claimed the clean-up expenses were necessitated by Builder's use of their lot as a staging area while building on the adjacent lot. We affirm the judgment and the order denying the Motion for New Trial.

¶ 2 "The standard of review of a trial court's decision denying· a motion for new trial is whether the trial court abused its discretion. [Citation omitted.] An abuse of discretion occurs when a trial court exercises its discretion 'to an end or purpose not justified by, and clearly against, reason and evidence. It is discretion employed on untenable grounds or for untenable reasons, or a discretionary act which is manifestly unreasonable.' " *State of Oklahoma v. Vaughn,* 2000 OK 63, ¶ 8, 11 P.3d 211, 214, citing *Patel v. OMH Medical Center, Inc.,* 1999 OK 33, ¶ 20, 987 P.2d 1185, 1194.

¶ 3 With respect to the underlying question, the parties filed a narrative statement in lieu of transcript pursuant to Supreme Court Rule 1.30. Both sides introduced photos of the lot without objection, but Builder objected on the ground of hearsay to the two estimates submitted by the Keelers. The trial court admitted the estimates and, at the conclusion of trial, gave judgment to the Keelers in the amount of the lower estimate.[2]

¶ 4 Although the narrative statement shows that Builder challenged liability, it only claimed that it was "ambushed" by the damage estimate. Nonetheless, the Keelers were required to prove damages in order to prevail on the liability question. The issue is what type of evidence is sufficient in the Small Claims Division to prove damages.

¶ 5 The "Small Claims Procedure Act" provides that "[t]he hearing and disposition of such actions shall be informal with the sole object of dispensing speedy justice between the parties." 12 O.S.2001 § 1761. "The Act aims at simple, swift and inexpensive justice for the litigants to most minor civil disputes." *Thayer v. Phillips Petroleum Co.,* 1980 OK 95, ¶ 4, 613 P.2d 1041, 1043. "The Act established an informal court, void of rigid restrictions with little or no regard for the technicalities pertaining to the rules of evidence which authorized the judge, within the bounds of due process, to exercise direct affirmative authority to control all aspects of a hearing." *Id.* The Act relaxes the rules of evidence. *Patterson v. Beall,* 2000 OK 92, ¶ 23, 19 P.3d 839, 845.

¶ 6 In the present case, we cannot say the presentation of the estimates by the Keelers, was not within the discretion of the trial court and thus was not reversible error. Presentation of this type of evidence, subject to indicia of credibility and cross-examination of the proponents, was consistent with the purpose of the Small Claims Division of the District Court. The Trial Court found the estimates to be consistent with the damages claimed.

¶ 7 In addition, the narrative statement indicates both Mike Fretz and his construction supervisor testified, and were thus available to rebut the type of work and cost of work reflected in the estimates. Their testimony, that no damage at all was done to the Keelers' lot, presented Builders' defense and operated as contrary evidence to the estimates.

¶ 8 We find no abuse of discretion in denying the Motion for New Trial.

¶ 9 AFFIRMED.

HANSEN, P.J., and BELL, J., concur.

---

8. Error of law occurring at the trial, and objected to by the party making the application; . . . .

2. The Keelers' Small Claims Affidavit claimed $3,500 in damages, but at trial their estimates were for $1,520 and $1,040. The narrative statement reveals that the Keelers initial demand was just an estimate.