2012 OK CIV APP 61

Anthony **LEDING**, Plaintiff/Appellant,

v.

David **FURR**, Defendant/Appellee.

No. 108,403.

Court of Civil Appeals of Oklahoma,
Division No. 3.

Feb. 17, 2012.

Approved for Publication by Order of the
Supreme Court June 22, 2012.

Anthony Leding, Fort Smith, Arkansas, Pro Se Plaintiff/Appellant.

Daniel W. Walker, Warner, Smith & Harris, PLC, Fort Smith, Arkansas, for Defendant/Appellee.

ROBERT D. BELL, Presiding Judge.

¶ 1 Plaintiff/Appellant, Anthony Leding, appeals from the trial court's judgment in favor of Defendant/Appellee, David Furr, in Plaintiff's small claims contract and reimbursement action. For the reasons set forth below, we affirm.

¶ 2 Beginning in 2006, Plaintiff provided billing services and performed other work for Defendant at Defendant's medical clinic. Defendant opened a new clinic in or about March, 2007, and the parties terminated their relationship shortly thereafter. Plaintiff filed the instant small claims action on May 23, 2007, seeking damages for breach of contract for labor performed and reimbursement for a laptop computer Plaintiff supplied to Defendant's clinic. Plaintiff contends the parties orally agreed he would be paid a ten percent (10%) commission for his billing services beginning at the end of March, 2007. Defendant countered Plaintiff was due only a four percent (4%) commission.

¶ 3 Following a bench trial, at which Plaintiff represented himself, the trial court ruled in favor of Defendant. Specifically, the trial court held there was no meeting of the minds once the parties' relationship ended on March 26, 2007, and therefore there was no contract between the parties after that date. The trial court also held Defendant was not indebted to Plaintiff for the laptop computer because Plaintiff never provided the necessary passwords to make it operational. The trial court subsequently granted Defendant's motion for attorney fees and costs. From said judgment, Plaintiff appeals.

¶ 4 This Court's standard of review in this appeal is as follows:

The findings of a trial court sitting without a jury in a case of legal cognizance are to be given on review the same weight as that which would be accorded the verdict of a well-instructed jury. If there is any evidence tending to support the findings and judgment of the trial court at a bench trial of a law case, the findings and judgment will not be disturbed, even if the record might support a conclusion different from that reached at nisi prius. The credibility of witnesses and the effect of and weight given to their testimony, as well as the resolution of conflicting or inconsistent testimony, are questions of fact to be determined by the trier.  ·

*Sides v. John Cordes, Inc.*, 1999 OK 36, ¶ 16, 981 P.2d 301, 307 (citations omitted).

¶ 5 In his brief-in-chief, Plaintiff appears to raise the following propositions of error: He was denied effective assistance of counsel at trial; Defendant and his wife committed perjury; Plaintiff was denied due process of law because the trial court employed "regular court docket procedures rather than informal small claims procedure;" the trial court's judgment is not supported by the evidence; and the trial court erred in awarding attorney fees. As noted by Defendant, Plaintiff's brief-in-chief is devoid of any citation of authority, save a reference to §§ 1756 & 1757 of the Small Claims Procedure Act, 12 O.S. Supp.2004 § 1751 *et seq.* In an effort to avoid default, Plaintiff thereafter filed a reply brief in which he listed several citations of authority.

¶ 6 We reiterate *pro se* litigants are charged with the responsibility of complying with the rules of pleadings, evidence and appellate practice, *Funnell v. Jones*, 1985 OK 73, ¶ 4, 737 P.2d 105, 107, and that "[a]rgument without supporting authority will not be considered." Rule 11(k)(1), *Oklahoma Supreme Court Rules*, 12 O.S. Supp.2004, Ch. 15, App. 1. *Accord Whitaker v. Hill Nursing Home, Inc.*, 2009 OK CIV APP 41, ¶ 8, 210 P.3d 877, 880 ("Argument unsupported by citation to persuasive authority will not be considered"). "Neither counsel nor *pro se* litigants have a right to place upon this court the researching burden and consume its time in a search for authorities that would support

their argument." *Fent v. Contingency Review Bd.*, 2007 OK 27, ¶ 23, 163 P.3d 512, 525 n. 59. *See also In re Death of Boyd*, 1994 OK CIV APP 175, ¶ 6, 889 P.2d 1276, 1278–79, where the court held, "An argument in a brief which is unsupported by citation of authority is not sufficient to overcome the presumption in favor of the correctness of the trial court's decision and will not be considered." To the extent Plaintiff has cited any marginally relevant authority to support his propositions of error, we address the same below.

¶ 7 Plaintiff has cited no authority for the proposition that he was entitled to effective assistance of counsel because no such authority exists. With few exceptions not relevant here, "[t]he right to counsel generally has been held inapplicable to civil proceedings...." *Kiddie v. Kiddie*, 1977 OK 69, ¶ 10, 563 P.2d 139, 141. "When 'counsel is not required, there is no right to effective assistance....'" *Gibbs v. Gibbs*, 1997 OK CIV APP 29, ¶ 4, 941 P.2d 1014, 1015 (citation omitted).

¶ 8 The essence of Plaintiff's due process argument rests on his erroneous interpretation of the following sentence of § 1761 of the Small Claims Procedure Act, which states:

> The plaintiff and the defendant shall have the right to offer evidence in their behalf by witnesses appearing at such hearing, and the judge may call such witnesses and order the production of such documents as he may deem appropriate.

Plaintiff believes this provision means that parties may only "offer" witnesses in a small claims procedure, but it is within the judge's discretion whether to actually call witnesses to testify. Plaintiff also contends that only the trial judge may question witnesses. Because the proceedings are designed to be "informal," *see* § 1761, and he was subjected to questions and objections by opposing counsel, Plaintiff maintains his due process rights were violated.

¶ 9 "The fundamental requisites of procedural due process are notice, the right to be heard before a fair and impartial tribunal having jurisdiction over the subject matter, and the right to confront witnesses."

*Williams v. State ex rel. Dept. of Pub. Safety*, 1990 OK CIV APP 27, 791 P.2d 120, 124. Plaintiff's interpretation of § 1761 flies in the face of these requirements. Due process demands a litigant be afforded the right to present his/her own witnesses and exhibits, and the right to confront that evidence presented against him/her. Although a trial judge "exercises direct affirmative authority to control all aspects of a [small claims] hearing," *Keeler v. Mike Fretz Homes*, 2007 OK CIV APP 44, ¶ 5, 162 P.3d 244, 245, the judge must do so "within the bounds of due process." *Id.* Stated otherwise:

> While the intended purpose of § 1761 is to establish an informal court procedure with its sole object being to dispense "speedy justice between the parties," the Legislature did not intend to dispense with basic due process of law and particularly the right of appellant to present his claim.

*Johnson v. Scott*, 1985 OK 50, ¶ 12, 702 P.2d 56, 58. A proper reading of § 1761 reveals that both litigants *and* the trial judge have the right to call and question witnesses in a small claims proceeding. Plaintiff was not denied due process of law.

¶ 10 Plaintiff's perjury allegations and argument regarding evidentiary sufficiency are addressed together. As previously stated, in a non-jury trial the trial judge is the sole arbiter of the credibility of witnesses and the weight to be given their testimony. In the present case, Plaintiff testified the parties reached an oral agreement that he be paid a 10% commission and testified Defendant opened his new clinic in April. (Part of Plaintiff's perjury claim rests on his assertion Defendant lied about when his new clinic opened). Defendant testified he agreed to pay Plaintiff a 4% commission and his new clinic opened in March. Both parties also presented documentary evidence tending to support their respective positions. The trial court was free to believe either party and we will not second-guess his factual findings. The evidence supports the trial court's findings that Defendant opened his new clinic in March and that there was no meeting of the minds regarding Plaintiff's commission.

¶ 11 As his final proposition of error, Plaintiff argues the trial court erred in awarding attorney fees to Defendant because, he claims, such awards are not allowed in small claims actions. The language of the Small Claims Procedure Act belies Plaintiff's contention. 12 O.S. Supp.2004 § 1764 specifically provides:

Any statute providing for an award of attorneys fees shall be applicable to the small claims division if the attorney makes an appearance in the case, whether before or after judgment or on hearing for disclosure of assets.

Defendant's attorney made an appearance in this case and represented Defendant. There is no error. The judgment of the trial court is affirmed.[1]

¶ 12 AFFIRMED.

MITCHELL, J., and HETHERINGTON, J., concur.

---

1. Appellee's Answer Brief included a motion to dismiss this appeal. That motion is denied.