MORRIS v. BEHRENS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:MORRIS v. BEHRENS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MORRIS v. BEHRENS
2021 OK CIV APP 35
Case Number: 119151
Decided: 06/25/2021
Mandate Issued: 09/16/2021
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2021 OK CIV APP 35, __ P.3d __

 

CALEB MORRIS, III, Plaintiff/Appellant,
v.
DERRICK BEHRENS and MORGAN BEHRENS, husband and wife, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE DEBORAH LUDI-LIETCH, SPECIAL JUDGE

AFFIRMED

Zachary Enlow,, ENLOW LAW, PLLC, Tulsa, Oklahoma, for Plaintiff/Appellant,

James W. Dunham, Jr., Tulsa, Oklahoma, for Defendants/Appellees.

THOMAS E. PRINCE, JUDGE:

¶1 This appeal arises out of a Landlord/Tenant dispute between Landlord Caleb "Cal" Morris, III ("Appellant") and his former Tenants, Derrick and Morgan Behrens, husband and wife ("Appellees"). Appellant brought an action in Tulsa County small claims court to recover the cost of damages he alleges Appellees caused to his rental home. After a remote trial in which Appellees' counsel was not a participant, the trial court awarded Appellant $6,366.04 in damages. Appellees petitioned the court for a new trial pursuant to 12 O.S. §651. A new trial was granted and was heard on September 23, 2020. The trial court again awarded Appellant damages, this time in the amount of $1,117.96. Appellant timely appealed and contends that the trial court's September 24, 2020 Journal Entry of Judgment, which awarded Appellant just $1,117.96, is based on reversible error, including: an erroneous interpretation and application of the Oklahoma Residential Landlord and Tenant Act ("ORLTA"); an erroneous interpretation and application of the Oklahoma Evidence Code ("Evidence Code"); and an abused discretion. Because we agree with the trial court's interpretation and application of the controlling statutes, and find no evidence of an abused discretion, we affirm the September 24, 2020 Journal Entry of Judgment.

BACKGROUND

¶2 The record in this case begins with Appellant's initiating Affidavit, filed May 12, 2020, in which Appellant stated that "[t]he [Appellees] owe[d him] $10,000.00 for damages to property at 2918 E. 104th St. [Appellees] leased from [August 10, 2018] to [February 29, 2020]." On July 16, 2020, the trial court's Journal Entry of Judgment, which awarded Appellant $6,366.04 in damages, was filed with the district court. No record of the first trial, held remotely on July 15, 2020, was made.

¶3 Appellees thereafter filed a Petition for New Trial pursuant to 12 O.S. §651, which was granted, and a second trial was heard on September 23, 2020. Appellant, both Appellees, and an expert for the Appellees testified. Appellant offered several exhibits, all of which were admitted. At the conclusion of the September 23, 2020 hearing, the trial court again awarded Appellant damages. A new Journal Entry of Judgment was filed on September 24, 2020 in the amount of $1,117.96. Despite the trial court's oral statements indicating all Appellant's evidence was hearsay, the trial court nevertheless awarded reasonable damages based on admitted invoices for work the Landlord had caused to be done, including the replacement of hardwood floors, three light fixtures, and yard work. The trial court did not, however, award damages for work yet to commence (i.e., for work for which there were only estimates or quotes, rather than invoices). See Sept. 23, 2020 Tr. at 130--34.

STANDARD OF REVIEW

¶4 A question of statutory interpretation and application is presented on appeal. Statutory interpretation and application presents a question of law, which is reviewed de novo. Corbeil v. Emricks Van & Storage, 2017 OK 71, ¶ 10, 404 P.3d 856, 858 (citations omitted). Under this standard of review, "this Court possesses plenary, independent, and non-deferential authority to examine the lower tribunal's legal rulings." Id. (citations omitted). Appellant also alleges the trial court abused its discretion. "Under an abuse of discretion standard, the appellate court examines the evidence in the record and reverses only if the trial court's decision is clearly against the evidence or is contrary to a governing principle of law. To reverse under an abuse of discretion standard, an appellate court must find the trial court's conclusions and judgment were clearly erroneous, against reason and evidence." Curry v. Streater, 2009 OK 5, ¶ 8, 213 P.3d 550, 554 (cleaned up).[1] With respect to determinations of fact in a small claims proceeding, this Court's standard of review is that "[i]f there is any evidence tending to support the findings and judgment of the trial court . . . , the findings and judgment will not be disturbed, even if the record might support a conclusion different from that reached at nisi prius." Leding v. Furr, 2012 OK CIV APP 61, ¶ 4, 287 P.3d 394, 395.

ANALYSIS

¶5 While Appellant set forth several propositions of error, we have reorganized them into two catch-all categories for clarity and purposes of analysis.

The Oklahoma Residential Landlord and Tenant Act

¶6 Appellant contends the trial court's September 24, 2020 Journal Entry of Judgment, which included a $1,117.96 damages award, was based, inter alia, upon an erroneous interpretation and application of the ORLTA. See generally 41 O.S. §§101 et seq. More specifically, Appellant contends the trial court "relied on the incorrect theory that 41 O.S. §132 only allows a Landlord to recover damages from a [T]enant under 41 O.S. §127 if the Landlord has actually paid the cost of the repairs. This interpretation by the court," alleges the Appellant, "is incorrect constituting a reversible error." However, we agree with the trial court's interpretation and application of the ORTLA and, accordingly, we find no reversible error.

¶7 Title 41, Section 132 of the Oklahoma Statutes, in pertinent part, reads:

Except as otherwise provided in the [ORLTA], if there is a noncompliance by the tenant with the rental agreement or with Section 127 of this title which noncompliance can be remedied by repair, replacement of a damaged item, or cleaning and the tenant fails to comply as promptly as conditions require in the case of an emergency or within ten (10) days after written notice [is] served . . . specifying the breach and requiring that the tenant remedy it within that period of time, the landlord may enter the dwelling unit and cause the work to be done in a workmanlike manner and thereafter submit the itemized bill for the actual and reasonable cost or the fair and reasonable value thereof as rent on the next date rent is due, or if the rental agreement has terminated, for immediate payment.

41 O.S. §132(A) (emphasis added). Although Appellant accurately cites authorities for the proposition that statutory interpretation and application begins, and ends, with the text of a statute, see Greenwood Centre, Ltd. v. Nightingale, 2020 OK 59, ¶ 3, 465 P.3d 1269, 1270 (Rowe, J., concurring) ("[I]t is our duty to apply the law as written.") (citation omitted), we disagree with Appellant's interpretation and application of the text of §132(A). On Appellant's view, §132(A) entitles a Landlord to recover "damages actually paid or for the reasonable cost of those damages generated by a quote or estimate" (emphasis omitted). Notwithstanding Appellant's arguments to the contrary, this is not what the statute, nor the case law, says. Rather, the statute says that a "landlord may enter the dwelling unit and cause [] work to be done [i.e., a repair, the replacement of a damaged item, or cleaning] in a workmanlike manner and thereafter submit the itemized bill for the actual and reasonable cost or the fair and reasonable value thereof . . . ." 41 O.S. §132(A) (emphasis added). Put simply, 41 O.S. §132(A) sets forth a prerequisite to a Landlord's recovery of damages from a Tenant: the Landlord must cause work to be done in a workmanlike manner prior to reimbursement. Appellant cites Jones v. S. H. Kress & Co., 1915 OK 854, 153 P.655 and Ralph D. Nelson Co., Inc. v. Beil, 1983 OK CIV APP 57, 671 P.2d 85 in support of his contention that a Landlord may recover damages from a Tenant based on an estimate, prior to the commencement of any work. However, as Appellee points out, the disputes underlying these cases predate the enactment of ORLTA and stem from commercial, not residential, leases. The holdings and analysis therein are, therefore, irrelevant to the instant case. Accordingly, we find that the trial court did not err when it awarded Appellant damages to recoup the actual and reasonable cost for work already completed but declined to do so for work yet to commence.

¶8 Once the work has been done in a workmanlike manner, the Landlord may "submit the itemized bill for the actual and reasonable cost or the fair and reasonable value thereof . . . ." 41 O.S. §132(A). Again, Appellant contends this entitles a Landlord to recover "damages actually paid or for the reasonable cost of those damages generated by a quote or estimate." This contention is only partly true, however, because, as explained above, a Landlord is entitled to recover damages from a Tenant only for work he causes to be done in a workmanlike manner. Our interpretation and application does not render the "or the fair and reasonable value thereof" language of 41 O.S. §132(A) meaningless. Rather, it makes sense of the entire section of the controlling statute. If, for example, the Landlord performs the work himself, he would not seek to recover damages from his Tenant by submitting an "itemized bill for the actual and reasonable cost . . . ." There would, after all, be no bill to submit. Instead, the Landlord would apprise his Tenant of the value of the work he caused to be done by tacking on "the fair and reasonable value" of the work "as rent on the next date rent is due, or if the rental agreement has terminated, for immediate payment." In short, while the "or the fair and reasonable value thereof" language gives a Landlord an alternative avenue of proof, it does not relieve a Landlord of the statutory prerequisite to recovery; i.e., to cause work--whether a repair, the replacement of a damaged item, or cleaning--to be done in a workmanlike manner prior to reimbursement.

¶9 Appellant also urges this Court to consider--in the form of policy arguments--the impacts the interpretation and application of 41 O.S. §132(A), we adopt today may have on the residential real estate market. While Appellant's policy arguments raise legitimate concerns, this Court does not decide cases based on desired outcomes. Instead, we seek to interpret and apply the law as written. Greenwood Centre, Ltd. v. Nightingale, 2020 OK 59, ¶ 3 (Rowe, J., concurring). The controlling law here entitles a Landlord to recover damages from a Tenant only for work the Landlord causes to be done. Because the trial court's interpretation and application of 41 O.S. §132(A) accords with the law as written, we find no reversible error.

The Oklahoma Evidence Code, Hearsay & the Small Claims Procedure Act

¶10 Appellant next contends the trial court's damages award is based upon an erroneous interpretation and application of the Evidence Code, especially the rules, and exceptions, governing hearsay. See 12 O.S. §§2810 et seq. Appellant contends that the trial court's decision was "contrary to a governing principle of law," and also manifests an abused judicial discretion. Curry v. Streater, 2009 OK 5, ¶ 8. Despite the trial court's oral statements, which (incorrectly) indicated all Appellant's evidence was hearsay, we find no reversible error in the trial court's September 24, 2020 Journal Entry of Judgment because there is "evidence tending to support the findings and judgment of the trial court [i.e., awarding damages based on admitted invoices for work the Landlord had caused to be done] . . . . [and] [t]he credibility of witnesses and the effect of and weight given to their testimony, as well as the resolution of conflicting or inconsistent testimony, are questions of fact to be determined by the trier." Leding v. Furr, 2012 OK CIV APP 61, ¶ 4, 287 P.3d 394, 395. See Sept. 23, 2020 Tr. at 130--34; Jacobs Ranch, LLC v. Smith, 2006 OK 34, ¶ 58, 148 P.3d 842, 857 (explaining that "where the trial court reaches the correct result for the wrong reasons or on incorrect theories, it will not be reversed") (citation omitted).

¶11 Appellant contends the trial court erred as a matter of law because the trial court, sua sponte, determined that the estimates Appellant offered were hearsay. This determination, Appellant alleges, amounted to reversible error because the trial court sua sponte "declare[d] all of Plaintiff's exhibits--admitted without objection--hearsay." Appellant's Br.-in-chief at 7. In support of this contention, Appellant cites a blog post discussing the differences between the common and civil law systems of justice, an evidence treatise, and a criminal justice article. Appellant's Br.-in-chief at 6. Bills v. Armstrong, 1997 OK CIV APP 54, 946 P.2d 275, which Appellant also argues is "directly on point," involved the review of a Workers' Compensation Court order denying a claim for temporary total disability. In Bills, this Court reversed and remanded the trial court's sua sponte finding that the Claimant's medical evidence, which was admitted without objection, was incompetent. Id. ¶ 6. Appellant suggests by way of analogy that the trial court's oral statements, which (incorrectly) indicated that all Appellant's exhibits were hearsay, was legal error akin to the error identified in Bills. But we are not so persuaded.

¶12 Unlike in Bills, this appeal does not concern an order of the Workers' Compensation Court, wherein evidence provided is generally governed by the Evidence Code. Scruggs v. Edwards, 2007 OK 6, ¶ 13, 154 P.3d 1257, 1263. This appeal instead concerns an order of the Small Claims Division of the Tulsa County District Court. Under the Small Claims Procedure Act, "[t]he hearing and disposition [] of [small claims] actions shall be informal." 12 O.S. §1761. Such informality is expressed in "an informal court, void of rigid restrictions with little or no regard for the technicalities pertaining to the rules of evidence . . . ." Keeler v. Mike Fretz Homes, 2007 OK CIV APP 44, ¶ 5, 162 P.3d 244, 245 (citation omitted). Despite the fact that Keeler says small claims courts may operate without "regard for the technicalities pertaining to the rules of evidence," Appellant cites Keeler as authority to show the "trial court's abuse of discretion and rulings contrary to law." Appellant's Br.-in-chief at 9. Appellant's reliance on Keeler is misplaced. While the case may stand, inter alia, for the proposition that estimates may be relied upon to prove damages in small claims court, this case is distinguishable from Keeler.

¶13 In Keeler, landowners sued a contractor for "clean-up expenses" they claimed "were necessitated by [the contractor's] use of their lot as a staging area while building on the adjacent lot." Keeler, 2007 OK CIV APP 44, ¶ 1. Over the contractor's hearsay objection, the trial court admitted estimates for clean-up expenses "and, at the conclusion of trial, gave judgment to the landowners in the amount of the lower estimate." Id. ¶ 3. Unlike in Keeler, this appeal concerns a Landlord/Tenant dispute, for which the ORLTA provides exclusive remedies. Wagoner v. Bennett, 1991 OK 70, ¶ 13, 814 P.2d 476, 480. The exclusive remedy for which the ORLTA provides in this case was explained above: the actual and reasonable cost or the fair and reasonable value of work a Landlord has caused to be done in a workmanlike manner. Both because the Small Claims Procedure Act relaxes the rules of evidence, and because the ORLTA entitles a Landlord to damages only for work he has caused to be done, we find that the trial court's $1,117.96 damages award was based upon an accurate interpretation and application of the controlling law and so was not, as Appellant alleges, "blatantly contrary to law and a gross abuse of discretion."

¶14 Appellant further contends that even if his exhibits were hearsay, the exhibits should have been admitted under the Business Records, and Residual Hearsay, exceptions. See 12 O.S. §§2803(6), 2804.1. As we explained above, however, under the Small Claims Procedure Act, which relaxes the rules of evidence, estimates, quotes and invoices--like those admitted as exhibits in this case--are not always treated as hearsay. Keeler, 2007 OK CIV APP 44, ¶ 5 (explaining that, under the Small Claims Procedure Act, the trial court did not abuse its discretion when it awarded damages based on estimates the Defendant contended were hearsay). To treat estimates, quotes, and invoices as hearsay would unnecessarily complicate the small claims court process, which exists for the sole purpose "of dispensing speedy justice between the parties." Id. So, although the trial court may have (incorrectly) indicated all Appellant's exhibits were hearsay, the record on appeal demonstrates that the trial court nevertheless used them to reach the correct result--i.e., to award reasonable damages based on admitted invoices for work the Landlord caused to be done. See Sept. 23, 2020 Tr. at 130--34; Jacobs Ranch, LLC, 2006 OK 34, ¶ 58.

¶15 Lastly, Appellant contends that the "law of the case" doctrine "dictates that the factfinder, having already ruled that [Appellant's] exhibits were not hearsay, should not review its previous rulings on the document's [sic] admissibility. The Judge ruled on the exact same evidence and awarded an almost 500% larger amount of damages to [Appellant] at the first trial." Whether this in fact occurred is impossible for this Court to determine because no record of the first trial, held remotely on July 15, 2020, was made. Regardless, the "[s]ettled-law-of-the-case doctrine operates to bar relitigation of issues in a case that are finally settled by an appellate opinion or those the aggrieved party failed to raise on appeal." Patel v. OMH Medical Center, Inc., 1999 OK 33, ¶ 22, 987 P.2d 1185, 1195. As Appellee points out, Appellant's "suggestion that [the settled-law-of-the-case] doctrine constrains a trial court conducting, for whatever reason, a new trial in a matter it tried earlier to the evidence and arguments made by the parties in the earlier trial reflects a fundamental misunderstanding of the doctrine . . . ." Appellee's Resp. Br. at 14--15. We agree and find that this doctrine is inapplicable here.

CONCLUSION

¶16 Appellant contends that the trial court's September 24, 2020 Journal Entry of Judgment was based on an erroneous interpretation and application of the ORTLA, the Evidence Code, and an abused discretion. We disagree for the reasons set forth above and, accordingly, we AFFIRM the trial court's September 24, 2020 Journal Entry of Judgment.

GOREE, P.J., and MITCHELL, J., concur.

FOOTNOTES

[1] This parenthetical--"(cleaned up)"--signifies that we have "removed extraneous, non-substantive material like brackets, quotation marks, ellipses, footnote reference numbers, and internal citations; may have changed capitalization without using brackets to indicate that change; and affirmatively represents that the alterations were made solely to enhance readability and that the quotation otherwise faithfully reproduces the quoted text." Jack Metzler, Cleaning Up Quotations, 18 J. App. Prac. & Process 143, 154 (2017); see also Eugene Volokh, New Twist on Legal Citations: The "(Cleaned Up)" Parenthetical, Reason (July 24, 2018), https://reason.com/volokh/2018/07/24/new-twist-on-legal-citations-the-cleaned/.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2007 OK CIV APP 44, 162 P.3d 244, KEELER v. MIKE FRETZ HOMES
Discussed at Length
 2012 OK CIV APP 61, 287 P.3d 394, LEDING v. FURR
Discussed at Length
 1997 OK CIV APP 54, 946 P.2d 275, 68 OBJ 3142, Bills v. Gail Armstrong Construction, Inc.
Discussed
 1983 OK CIV APP 57, 671 P.2d 85, Ralph D. Nelson Co., Inc. v. Beil
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1991 OK 70, 814 P.2d 476, 62 OBJ 2173, Wagoner v. Bennett
Discussed
 1915 OK 854, 153 P. 655, 54 Okla. 194, JONES v. S. H. KRESS & CO.
Cited
 2006 OK 34, 148 P.3d 842, JACOBS RANCH, L.L.C. v. SMITH
Discussed at Length
 2007 OK 6, 154 P.3d 1257, SCRUGGS v. EDWARDS
Discussed
 2009 OK 5, 213 P.3d 550, CURRY v. STREATER
Discussed at Length
 2017 OK 71, 404 P.3d 856, CORBEIL v. EMRICKS VAN & STORAGE
Discussed
 2020 OK 59, 465 P.3d 1269, GREENWOOD CENTRE, LTD v. NIGHTINGALE
Discussed at Length
 1999 OK 33, 987 P.2d 1185, 70 OBJ 1353, Patel v. OMH Medical Center, Inc.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 651, New Trial - Definition - Causes for
Discussed
 12 O.S. 1761, Trial by Court - Request for Reporter or Jury - Evidence - Informality
Cited
 12 O.S. 2803, Hearsay Exceptions - Availability of Declarant Immaterial
Cited
Title 41. Landlord and Tenant
 Cite
Name
Level

 41 O.S. 101, Short Title
Cited
 41 O.S. 127, Duties of Tenant
Cited
 41 O.S. 132, Tenant's Failure to Comply with Rental Agreement or Perform Duties - Rights and Duties of Landlord
Discussed at Length


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA